UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH B., | |
| Plaintiff, | Case No. C20-198-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by discounting his testimony and his wife's lay statement, and by accepting two medical opinions. (Dkt. # 19.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1972, has a high school education, and has worked as an operating engineer, garbage collector driver, and janitor. AR at 24, 54. Plaintiff was last gainfully employed in 2017. *Id.* at 17.

ORDER - 1

Plaintiff applied for benefits in August 2017, alleging disability as of April 4, 2017. AR at 15. After the ALJ conducted a hearing in February 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 32-61, 15-26. In pertinent part, the ALJ found Plaintiff's severe impairments of carpal tunnel syndrome, degenerative disc disease, obesity, diabetes, hypertension, depression, and anxiety limited him to unskilled medium exertion work with frequent manipulative activities and no overhead reaching. *Id.* at 17, 19. Based on vocational expert testimony the ALJ found Plaintiff could perform medium or, in the alternative, light jobs found in significant numbers in the national economy. *Id.* at 25.

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

**A.   The ALJ Did Not Err in Evaluating Medical Opinions**

Gary Gaffield, D.O., examined Plaintiff in March 2018 and reviewed some of his records. AR at 573. Dr. Gaffield opined Plaintiff could perform medium-exertion work and frequently perform manipulative activities. *Id.* at 577-78. Plaintiff contends the ALJ erred by finding persuasive Dr. Gaffield's opinions and the opinions of non-examining physician Guillermo Rubio, M.D., that relied on Dr. Gaffield's opinions.

An ALJ generally may accept any medical opinion and need not even give reasons. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one); *see also Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions").

Here, Plaintiff fails to show the ALJ was required to reject Dr. Gaffield's opinions. Plaintiff contends Dr. Gaffield did not give "consideration to the impact of Plaintiff' subjective symptoms" on his ability to work. (Dkt. # 19 at 8.) But an ALJ considers a claimant's subjective symptom testimony separately from medical opinions and, in fact, may discount a medical opinion that relies inappropriately on a claimant's self-reports. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible,

the ALJ may discount the treating provider's opinion." (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008))).

Plaintiff also argues Dr. Gaffield's opinions warranted little weight because he relied on "a cursory evaluation that did not test Plaintiff's abilities on a repetitive basis" and reviewed only two treatment notes and two x-rays. (Dkt. # 19 at 8.) Plaintiff cites case law holding an ALJ "may" discredit a conclusory, brief, unsupported medical opinion. *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). However, Dr. Gaffield's opinion is not conclusory, brief, or unsupported. It is supported by his examination of Plaintiff as well as his review of some records. There is no requirement to reject an opinion from a doctor who has not reviewed the entire record. And Plaintiff fails to identify any additional records that likely would have altered Dr. Gaffield's opinions. Plaintiff has shown no error in the ALJ's analysis of Dr. Gaffield's opinions.

In addition to challenging Dr. Rubio's opinions for relying on Dr. Gaffield's opinions, Plaintiff argues in a cursory fashion that Dr. Rubio provided no explanation. Plaintiff's argument finds no support in the record. Dr. Rubio explained he relied on Dr. Gaffield's opinions because they were "consistent [with] and supported [by] totality of evidence." AR at 78. Dr. Rubio also explained manipulative activities were limited to frequent due to carpal tunnel syndrome, and pointed to "normal" cardiac function and "fair control" of diabetes to support his opinions. *Id.* at 80. Plaintiff's argument fails.

The Court concludes the ALJ did not err by finding Dr. Gaffield's and Dr. Rubio's opinions persuasive.

ORDER - 4

**B.      The ALJ Erred by Discounting Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ discounted Plaintiff's testimony of debilitating back impairments because, except for short-term exacerbations due to "heavy lifting" in mid-2017 and "a lot of manual labor" in July 2018, Plaintiff reported few symptoms and failed to follow up on a referral. AR at 22 (citing *id.* at 318, 592). Plaintiff argues the record does not reveal the type or extent of the manual labor. (Dkt. # 21 at 2.) But the ALJ did not rely on the report of manual labor to determine Plaintiff's abilities. Rather, the ALJ noted Plaintiff's pain complaints were only "sporadic" and followed reports of overexertion. AR at 22. Plaintiff does not dispute the ALJ's finding of only "minimal complaints of back pain between July 2017 and July 2018 …." *Id.* The ALJ permissibly discounted Plaintiff's testimony of debilitating back impairments as contradicted by the medical record. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony.").

The ALJ discounted Plaintiff's testimony of debilitating symptoms from carpal tunnel syndrome because he testified he could lift 15 pounds constantly and 20 pounds sometimes, he did not use prescribed wrist braces, and he demonstrated normal grip strength and dexterity. AR at 21.

1    Plaintiff contends his testimony that he could lift 15 pounds continuously was inaccurate
2    because he did not understand the question. (Dkt. # 19 at 4.) The only support he offers for this
3    argument is his Function Report stating he could only lift 10 pounds. *See* AR at 184. Plaintiff's
4    inconsistent statement does not establish that he misunderstood the questioning at his hearing.
5    Plaintiff testified he could lift 20 pounds, but not continuously. *Id.* at 42. When his attorney
6    asked "So I'm looking for something that you could lift all the time. You said 20 you can't do
7    that," Plaintiff replied "15." *Id.* at 43. The attorney did not seek further clarification. This is
8    substantial evidence supporting the ALJ's finding that Plaintiff testified he could lift 20 pounds,
9    and 15 pounds continuously. However, Plaintiff's testimony of lifting did not contradict his
10   testimony of fingering and handling limitations due to hand numbness.

11   Plaintiff contends he did not use wrist braces because they did not help. (Dkt. # 19 at 4.)
12   An "unexplained or inadequately explained failure" to seek treatment or follow prescribed
13   treatment can be a valid reason to discount a claimant's testimony, but an ALJ must consider a
14   claimant's proffered reasons. *Trevizo*, 871 F.3d at 679-80. The ALJ did not address Plaintiff's
15   proffered reason, as required. Failure to follow prescribed treatment thus was not a clear and
16   convincing reason to discount Plaintiff's testimony of hand impairments.

17   Plaintiff contends the findings of normal grip strength and dexterity were "one-time tests
18   [that] did not measure Plaintiff's ability to perform these activities on a regular and continuing
19   basis." (Dkt. # 19 at 4.) The Commissioner does not dispute Plaintiff's contention, but argues
20   "no medical evidence supported this degree of alleged limitation from his carpal tunnel
21   syndrome …." (Dkt. # 20 at 3.) However, a claimant's symptom testimony "cannot be rejected
22   on the sole ground that it is not fully corroborated by objective medical evidence …." *Rollins v.*
23   *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Normal grip and dexterity, while not fully

corroborating Plaintiff's testimony, do not contradict his claims of hand numbness. Conflict with medical evidence was not a clear and convincing reason to discount Plaintiff's testimony of hand impairments.

The Court concludes the ALJ erred by discounting Plaintiff's testimony of limitations due to carpal tunnel syndrome.

### C. The ALJ Erred by Discounting the Lay Witness Statement

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff's wife filled out a Function Report form, stating Plaintiff's "[h]and numbness prevents him from doing anything" and back pain prevents him "from standing longer than 10 min[utes]." AR at 205. The ALJ discounted Plaintiff's wife's statement as inconsistent with medical evidence of full grip strength and reports that "he was working and performing manual labor over the summer of 2018." *Id.* at 24. However, full grip strength does not contradict numbness. "The fact that lay testimony … may offer a different perspective than medical records alone is precisely why such evidence is valuable" in a disability determination. *Diedrich*, 874 F.3d at 640. And the ALJ's finding of ongoing work in summer 2018 does not have the support of substantial evidence. A single reference during an emergency room visit to "a lot of manual labor which is [*sic*] been hurting his back" does not support an inference of ongoing work. AR at 592 (duplicated at *id.* at 650). The Court concludes the ALJ erred by discounting Plaintiff's wife's lay witness statement without a germane reason.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C.

ORDER - 7

§ 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony and his wife's lay witness statement.

Dated this 23rd day of November, 2020.

                                         MICHELLE L. PETERSON
                                         United States Magistrate Judge

ORDER - 8